## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

|  |  |
|---|---|
| **ARTHUR B. CANAII, JR.,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **GOVERNMENT OF THE VIRGIN ISLANDS** ) <br> **ALBERT BRYAN JR., ATTORNEY** ) <br> **GENERAL DENISE N. GEORGE, DIRECTOR** ) <br> **OF THE VIRGIN ISLANDS FIRE SERVICE** ) <br> **DARYL A. GEORGE SR., VIRGIN ISLANDS** ) <br> **FIRE SERVICE DEPUTY INSPECTOR II** ) <br> **GEORGE L. OTTO, and VIRGIN ISLANDS** ) <br> **FIRE SERVICE DEPUTY INSPECTOR III** ) <br> **RYAN O. RAWLINS, SR.,** ) <br> ) <br> **Defendants.** ) <br> ) | **Civil Action No. 2021-0256** |

**Appearances:**
**Arthur B. Canaii, Jr.,** *Pro Se*
St. Croix, U.S.V.I.

**Zuleyma Chapman, Esq.**
St. Croix, U.S.V.I.
    *For Defendants*

## MEMORANDUM OPINION

**Lewis, District Judge**

    THIS MATTER comes before the Court on Defendants'[1] "Motion to Dismiss" (Dkt. No. 20) and Plaintiff Arthur B. Canaii, Jr.'s ("Plaintiff") Opposition thereto (Dkt. No. 23). For the reasons that follow, the Court will deny Defendants' Motion.

---

[1] Defendants are: Government of the Virgin Islands Albert Bryan Jr.; Attorney General Denise N. George; Director of the Virgin Islands Fire Service Daryl A. George Sr.; Virgin Islands Fire Service Deputy Inspector II George L. Otto; and Virgin Islands Fire Service Deputy Inspector III Ryan O. Rawlins, Sr. (Dkt. No. 1 ¶¶ 6-10). Plaintiff is suing Defendants in their official capacities. (Dkt. No. 23 at 9).

## I.    BACKGROUND

Plaintiff initiated this action on June 15, 2021, bringing three causes of action against his employer, the Virgin Islands Fire Service ("VIFS"). (Dkt. No. 1). First, Plaintiff seeks relief for an alleged lack of a reasonable accommodation of his disability—or disability discrimination—under various federal laws. *Id.* ¶¶ 141-145. Second, Plaintiff seeks relief for alleged sexual harassment, under a theory of hostile work environment, pursuant to both federal and Virgin Islands law. *Id.* ¶¶ 146-156. Third, Plaintiff seeks relief for alleged unfair labor practice and retaliation pursuant to federal law. *Id.* ¶¶ 157-163. Plaintiff seeks, *inter alia*, injunctive relief and monetary damages under Title VII (42 U.S.C. § 2000e *et seq.*), the Americans with Disabilities Act ("ADA") (42 U.S.C. § 12101 *et. seq.*), 29 CFR § 1604.11[2] and the Virgin Islands Civil Rights Act ("VICRA") (10 V.I.C. § 64a). *Id.* ¶¶ 141-63.

Defendants were served with the summons and Complaint on June 23, 2021 and June 24, 2021 and the proofs of service were filed on June 30, 2021. (Dkt. Nos. 10-14). Defendants have moved to dismiss the Complaint (Dkt. No. 20),[3] and Plaintiff opposes (Dkt. No. 23).[4] The relevant allegations from the Complaint are as follows.

---

[2] This regulation, promulgated by the EEOC, clarifies that "[h]arassment on the basis of sex is a violation of [Title VII]." 29 CFR § 1604.11(a).

[3] Plaintiff correctly notes that Defendants' Motion to Dismiss was untimely and that Defendants failed to seek an extension of time. (Dkt. No. 23 at 2-3); Fed. R. Civ. P. 12(a). Nonetheless, the Court will exercise its discretion to consider Defendants' Motion, with the admonition to Defendants' counsel that further violations of the applicable Rules will not be viewed favorably by the Court.

[4] Over three months after their reply was due, Defendants filed a motion seeking leave to file a reply to Plaintiff's Opposition. (Dkt. No. 29). The Court denied this request, finding no excusable neglect to justify Defendants' failure to meet the original deadline. (Dkt. No. 39).

Plaintiff is employed by the VIFS as a Deputy Inspector III and Firefighter on St. Croix. (Dkt. No. 1 ¶ 29). During his employment with VIFS, Plaintiff alleges that he was subjected to numerous instances of discriminatory treatment. *Id.* ¶¶ 142-163. According to Plaintiff, between April 2020 and December 2020, he requested legal representation from his Union to address his concerns—at least once orally and twice in writing—but such representation was never provided. *Id.* ¶¶ 26, 95-97, 109. Nonetheless, in an attempt to resolve his concerns, Plaintiff alleges that he has been actively pursuing his claims through various administrative avenues. *Id.* ¶ 26.

First, Plaintiff alleges that Fire Marshal Leon Battiste ("Battiste") was responsible for investigating his allegations. *Id.* ¶ 61. On March 25, 2020, Plaintiff received the results of Battiste's investigation, which concluded that the matter should be closed due to insufficient evidence. *Id.* ¶ 81. Plaintiff alleges numerous deficiencies with this investigation, such as: Battiste's lack of responsiveness to Plaintiff; Battiste's failure to review evidence submitted by Plaintiff, including a flash drive containing recordings of Plaintiff's encounters with Defendants George L. Otto ("Otto") and Ryan O. Rawlins ("Rawlins"); and Battiste's false conclusion that no witness corroborated Plaintiff's allegations. *Id.* ¶¶ 62-65, 81, 85-86, 88-90.

Second, Plaintiff alleges that on October 23, 2019, he filed formal charges against Defendants Otto and Rawlins with the Division of Personnel ("DOP"). *Id.* ¶ 58. The investigation included a meeting with DOP Investigator Kurell Hodge ("Hodge") on February 27, 2020, *id.* ¶¶ 68, 75, a rebuttal interview for Plaintiff in July 2020, *id.* ¶¶ 100-104, and the submission of additional evidence— including a transcribed conversation—to Hodge following the rebuttal interview, *id.* ¶ 104. On October 15, 2020, Plaintiff received an email from Hodge containing a disposition from DOP. *Id.* ¶ 107. Plaintiff's Complaint does not indicate the outcome of the DOP investigation.

Third, Plaintiff alleges that on April 4, 2020, he filed charges with the United States Equal Employment Opportunity Commission ("EEOC"), claiming discrimination, retaliation, sexual harassment, and hostile work environment. *Id.* ¶¶ 27, 92. After Plaintiff's meeting with an EEOC representative, *id.* ¶ 108, and the submission of a rebuttal to Plaintiff's claims by VIFS, *id.* ¶ 110, the EEOC issued, and Plaintiff received, a Dismissal and a Notice of Rights to file suit, *id.* ¶¶ 111, 112.

Fourth, Plaintiff alleges that on February 5, 2020, he initiated contact with various members of VIFS—including Defendant Director Daryl George, Assistant Director Antonio O. Stevens, Fire Chief Klebert Titus ("Titus"), and Deputy Chief Paul Christian ("Christian")—to attempt to receive an accommodation for his Severe Sleep Apnea. *Id.* ¶ 113. Plaintiff's doctor's orders stated that, due to his sleeping disorder, Plaintiff was to avoid working 24-hour shifts. *Id.* ¶ 114. After being placed on sick leave by Christian and obtaining a second opinion at the behest of VIFS, Plaintiff alleges that he was informed that VIFS does not offer "Light Duty," although Plaintiff claims that at least one other firefighter had received "Light Duty." *Id.* ¶ 131. As of the filing of the Complaint, VIFS had failed to make any accommodations for Plaintiff's Severe Sleep Apnea. *Id.* ¶ 132.

Fifth, Plaintiff alleges that on February 4, 2020, he delivered a grievance to the President of his Union, Melbourne Adams, Jr. ("Adams"), *id.* ¶ 67, which was ultimately accepted by Titus, *id.* ¶¶ 68-73. The grievance was apparently denied and subsequently appealed. *Id.* ¶¶ 74, 77, 78. After the time to respond to the appeal had expired, *id.* ¶ 80, Plaintiff requested arbitration, *id.* ¶ 82. Plaintiff then received the overdue response to his appeal, which found that VIFS did not violate its Collective Bargaining Agreement with the Union ("VIFS CBA") or its Rules and

Regulations. *Id.* ¶¶ 84, 87. The Complaint does not have any information regarding the resolution of the arbitration proceedings.

Finally, Plaintiff alleges that on April 4, 2020, pursuant to the advice of Adams, he submitted an Unfair Labor Practice Complaint ("ULPC") with the Public Employee Relations Board ("PERB"). *Id.* ¶¶ 87, 91. On April 27, 2020, Adams allegedly informed Plaintiff that PERB had responded with a motion to dismiss due to lack of evidence. *Id.* ¶ 99. The Complaint does not contain any further details regarding the resolution of the ULPC.

Defendants seek to dismiss the Complaint in its entirety for failure to state a claim. (Dkt. No. 20). Defendants argue that the grievance procedure outlined in VIFS CBA is the exclusive remedy for Plaintiff's claims and that Plaintiff is required to exhaust these "administrative remedies" before filing suit. *Id.* at 4-5. Defendants also maintain that dismissal is warranted because "[s]ervice of process has not been met." *Id.* at 6. Plaintiff opposes Defendants' Motion, asserting that his allegations state plausible claims for relief and that service of proper was properly executed. (Dkt. No. 23 at 7-9). He argues that he has "made every effort to exhaust his administrative remedies" prior to bringing suit, but contends that the process has been "unfair, biased, and prejudicial." *Id.* at 4. Plaintiff further maintains that the CBA grievance procedure does not govern sexual harassment claims. *Id.* at 5-6.

## II.   APPLICABLE LEGAL PRINCIPLES

### A. Subject Matter Jurisdiction

Subject matter jurisdiction is "non-waivable." *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76 (3d Cir. 2003). Thus, "courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt. A necessary corollary is that the court can raise *sua sponte* subject-matter jurisdiction concerns." *Id.* at 76-77 (internal citations omitted).

Under 28 U.S.C. § 1331, a district court "has federal-question jurisdiction in a case where a plaintiff makes a nonfrivolous allegation that he or she is entitled to relief under the U.S. Constitution or a federal statute." *Bizzarro v. First Nat'l Bank*, 804 F. App'x 190, 190 (3d Cir. 2020).

Pursuant to 28 U.S.C. § 1367(a), when a district court has federal question or diversity jurisdiction, the court has supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a); *Exxon Mobile v. Allapattah Servs.*, 545 U.S. 546, 559 (2005). In order for a court to exercise supplemental jurisdiction over state law claims, "[t]he state and federal claims must derive from a common nucleus of operative facts" and "the plaintiff's claims [must be] such that he would ordinarily be expected to try them all in one judicial proceeding." *Lyon v. Whisman*, 45 F.3d 758, 760 (3d Cir. 1995) (citing *United Mineworkers v. Gibbs*, 383 U.S. 715, 725 (1966)).

Title 28 U.S.C. § 1367(c) identifies four circumstances in which a district court may decline to exercise supplemental jurisdiction over a state law claim under Section 1367(a):

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). When assessing whether to exercise supplemental jurisdiction over a pendent state law claim, courts should "consider [] the values of judicial economy, convenience, fairness, and comity . . . ." *De Ritis v. McGarrigle*, 861 F.3d 444, 459 n.13 (3d Cir. 2017) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

6

**B. Service of Process**

Federal Rule of Civil Procedure 12(b)(5) permits a district court to dismiss an action for insufficient service of process. The party responsible for service bears the burden of proving sufficient service of process. *See Sims v. City of Phila*, 552 Fed. App'x 175, 177 (3d Cir. 2014) (citing *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993)). Service of the summons and complaint must be completed within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m).

**C. Failure to State a Claim**

Federal Rule of Civil Procedure 12(b)(6) calls for dismissal of a complaint if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). As stated in *Connelly v. Lane Construction Corp.*, the Third Circuit follows the analysis set forth by the Supreme Court in *Bell Atlantic v. Twombly* and *Ashcroft v. Iqbal* when considering a Rule 12(b)(6) motion:

> Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 679; *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

*Connelly*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)); *see also Mamouzette v. Jerome*, No. CV 13-0117, 2024 WL 2271880, at *2-3 (D.V.I. May 20, 2024) (reviewing the applicable Rule 12(b)(6) analysis).

"When assessing the merits of a Rule 12(b)(6) motion, we accept as true all factual allegations in the complaint and view those facts in the light most favorable to the non-moving

party." *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020). Further the district court must accept "all reasonable inferences that can be drawn from [well-pleaded factual allegations] after construing them in the light most favorable to the nonmovant." *Boseman v. Upper Providence Twp.*, 680 Fed. App'x 65, 66 (3d Cir. 2017) (internal citation and quotation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual allegations, taken as true, to 'state a claim to relief that is plausible on its face.'" *Nekrilov v. City of Jersey*, 45 F.4th 662, 668 (3d Cir. 2022) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Boseman*, 680 Fed. App'x at 67.

### III. DISCUSSION

#### A. Subject Matter Jurisdiction

As an initial matter, the Court will address its subject matter jurisdiction over this action. Plaintiff has alleged "nonfrivolous" discrimination claims under Title VII and the ADA, as well as a related federal regulation. *Bizzarro*, 804 F. App'x at 190. As such, the Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331. *See McIntosh-luis v. Petty*, Civil Action No. 2020-0023, 2024 U.S. Dist. LEXIS 133310, at *13 (D.V.I. July 29, 2024) (finding subject matter jurisdiction existed where the plaintiff raised nonfrivolous claims under federal law); *Davis v. Potter*, Civil Action No. 2022-0062, 2024 U.S. Dist. LEXIS 58664, at *12 (D.V.I. Mar. 30, 2024) (same).

As for Plaintiff's pendant state law claims under 10 V.I.C. § 64a, these claims fall under this Court's supplemental jurisdiction, as they are derived from a common nucleus of operative

facts—Plaintiff's allegations of harassment and discrimination—as Plaintiff's federal law claims.[5] *See Tratthen v. Crystal Window & Door Sys.*, No. 3:20cv2341, 2024 U.S. Dist. LEXIS 135011, at *3 (M.D. Pa. July 31, 2024) (finding supplemental jurisdiction existed over the plaintiff's state law discrimination claims where the plaintiff had brought federal claims under Title VII); *Hartley v. Pocono Mt. Reg'l Police Dep't*, 417 F. App'x 153, 155 (3d Cir. 2011) (same); *see also Gautier-James v. Hovensa, L.L.C.*, Civil Action No. 2006-106, 2023 U.S. Dist. LEXIS 119637, at *7 (D.V.I. July 12, 2023) ("[T]his Court often encounters and addresses . . . local law claims . . . in the context of cases . . . that also present federal claims for adjudication.").

### B. Service of Process

Defendants argue that "service of process has not been met."[6] (Dkt. No. 20 at 6). Defendants claim that there are two deficiencies with service of process. First, they assert that, because Plaintiff failed to file Proofs of Service with this Court for any of the Defendants, proper service of process cannot be determined at this time. *Id.* Second, they contend that Plaintiff's failure to indicate whether Defendants are sued personally or in their official capacity precludes Defendants from filing a proper response to the Complaint. *Id.*

---

[5] This Court has previously declined to exercise supplemental jurisdiction over a sexual harassment claim under VICRA because the application of this provision is a novel issue of Virgin Islands law. *Gautier-James v. Hovensa, L.L.C.*, Civil Action No. 2006-106, 2023 U.S. Dist. LEXIS 119637, at *6-8 (D.V.I. July 12, 2023). However, in *Gautier-James*, there were no federal claims pending for adjudication. Here, Plaintiff has multiple live federal claims. As such, "the values of judicial economy, convenience, fairness, and comity," *De Ritis*, 861 F.3d at 459 n.13, weigh in favor of exercising supplemental jurisdiction over Plaintiff's VICRA claim, despite the novel issues of local law raised therein. *See Davis v. Dawgs of St. John, Inc.*, No. 3:20-cv-0112, 2022 U.S. Dist. LEXIS 226711, at *47 (D.V.I. Dec. 16, 2022) (exercising supplemental jurisdiction over a sexual harassment claim under VICRA where the plaintiff had federal claims pending).

[6] Defendants include this argument as part of their request for dismissal for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Nonetheless, the Court will treat this as a request to dismiss for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5).

In response, Plaintiff asserts that he filed Proofs of Service for every Defendant prior to the filing of the instant Motion. (Dkt. No. 23 at 9). Plaintiff also argues that it is clear that he is suing Defendants in their official capacity based on the caption of the proceedings—which includes the official title of every Defendant—and his allegations regarding conduct in the workplace. *Id.* at 9.

Plaintiff filed his Complaint on June 15, 2021. (Dkt. No. 1). The record shows that Defendants Denise N. George and Albert Bryan Jr. were served with a copy of the summons and Complaint on June 23, 2021. (Dkt. Nos. 11-12). The record also shows that Defendants George L. Otto, Ryan O. Rawlins Sr., and Daryl A. George Sr. were served with a copy of the summons and Complaint on June 24, 2021. (Dkt. Nos. 10, 13-14). Thus, service of each Defendant fell well within the 90-day time limit established by Fed. R. Civ. P. 4(m). Further, proof of service for each Defendant was filed on the docket in this matter on June 30, 2021, and again on July 23, 2021 (Dkt. Nos. 10-19). As for Defendants' concerns regarding whether they are being sued in their personal or official capacity,[7] these concerns do not warrant a dismissal for insufficient service of process because Defendants do not assert that service of process was improper in either respect.

Accordingly, the two proof-of-service-related arguments advanced by Defendants are rejected.

### C. Failure to State a Claim

#### 1. Federal Claims

The Court will now address the sufficiency of Plaintiff's federal claims. Defendants contend that Plaintiff has failed to state a claim for relief because: (1) Plaintiff, through the VIFS

---

[7] Plaintiff's Opposition clarifies and confirms that his suit is against Defendants in their official capacity. (Dkt. No. 23 at 9). Thus, any uncertainty left from the caption of the Complaint and the nature of the allegations contained therein should now be eliminated.

CBA, waived his right to seek redress in a judicial forum for his claims; and (2) Plaintiff failed to exhaust his available administrative remedies before filing suit.[8] (Dkt. No. 20 at 4-5).

### a. Waiver of a Judicial Forum

Defendants first urge the Court to find that the VIFS CBA waives Plaintiff's right to seek redress in a judicial forum for his claims. (Dkt. No. 20 at 4-5). Defendants argue that the grievance procedure outlined in the VIFS CBA (Dkt. No. 20-1 at 17-19), is Plaintiff's exclusive remedy for work-related disputes, precluding him from filing suit based on the instant allegations. (Dkt. No. 20 at 4). In his Opposition, Plaintiff does not dispute the authenticity of the CBA attached by Defendant, and thus its consideration is appropriate in the Court's Rule 12(b)(6) analysis. *See George v. Gov't of Virgin Islands Dep't of Educ.*, No. CIV. 2007-110, 2007 WL 3124923, at *2 (D.V.I. Oct. 19, 2007) (analyzing a CBA at the motion to dismiss stage because the parties did not dispute its authenticity).

"A federal-statutory-discrimination dispute falls within the scope of a collective bargaining agreement's arbitration provision 'when (1) the arbitration provision clearly and unmistakably waives the employee's ability to vindicate his or her federal statutory right in court; and (2) the federal statute does not exclude arbitration as an appropriate forum.'" *Darrington v. Milton Hershey Sch.*, 958 F.3d 188, 192 (3d Cir. 2020) (quoting *Jones v. Does 1-10*, 857 F.3d 508, 512

---

[8] Defendants also offer a third argument in support of their motion to dismiss for failure to state a claim. (Dkt. No. 20 at 4-5). Defendants assert that 24 V.I.C. § 374(d)—which prohibits certain public employees from availing themselves of multiple grievance procedures for the same dispute—bars this Court from consideration of both Plaintiff's federal claims and state claims. *Id.* Regarding Plaintiff's federal claims, Defendants have offered no basis for applying this state law in a federal court exercising federal question jurisdiction. *See Gambocz v. Yelencsics*, 468 F.2d 837, 841 n.4 (3d Cir. 1972) (explaining that, while federal courts may apply state substantive law in a diversity action, "[s]tate law is inapplicable" when a court holds federal question jurisdiction). Thus, Section 374(d) cannot prohibit Plaintiff from pursuing his federal claims in this Court. As for Plaintiff's state law claims, the applicability of Section 374(d) is addressed in Section III.C.2, *supra*.

11

(3d Cir. 2017)); *see also Wright v. Universal Mar. Serv. Corp.*, 525 U.S. 70, 82 n.2 (1998) ("[A] union waiver of employee rights to a federal judicial forum for employment-discrimination claims must be clear and unmistakable."); *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 260 (2009) (finding that the NLRA provides unions with the "statutory authority to collectively bargain for arbitration of workplace discrimination claims" so long as "Congress did not terminate that authority" with respect to the applicable federal anti-discrimination statute).

Neither the ADA nor Title VII exclude arbitration as an appropriate forum. *See, e.g., Maldonado v. SecTek, Inc.*, No. CV 19-693, 2019 WL 3759451, at *9 (E.D. Pa. Aug. 8, 2019) (emphasis in original) ("[T]he plain language of the ADA evinces Congress's intent to <u>encourage</u> arbitration, not to preclude it."); *Darrington*, 958 F.3d at 192 ("Title VII claims are arbitrable.") Thus, the issue here is whether the VIFS CBA clearly and unmistakably waives Plaintiff's ability to bring suit under these statutes.

"The clear-and-unmistakable-waiver standard is satisfied if a collective bargaining agreement, interpreted according to applicable contract-interpretation principles, clearly and unmistakably waives a judicial forum for statutory claims." *Darrington*, 958 F.3d at 194. In the Third Circuit, a waiver of a judicial forum for statutory claims need not "individually enumerate specific statutes" or contain any "magic words" so long as it is "particularly clear and explicitly stated." *Id.* at 194-95 (internal quotations omitted). As such, to be enforceable, the waiver must clearly state that it is waiving statutory rights or anti-discrimination rights. *See Lawrence v. Sol G. Atlas Realty Co.*, 841 F.3d 81, 84 (2d Cir. 2016) (explaining that the clear-and-unmistakable-waiver standard requires "specific references in the CBA either to the statutes in question or to statutory causes of action generally"); *Darrington*, 958 F.3d at 195-96 (finding the clear-and-unmistakable waiver standard satisfied where the provision stated that it applied to "any dispute

alleging discrimination . . . based upon membership in any protected categories under federal or state law").

The VIFS CBA states that its grievance procedure "shall be the exclusive means of settlement of all grievances arising under [the CBA], including discharge, suspension, or demotion." (Dkt. No. 20-1 at 17). It also states that its grievance procedure "shall be the exclusive remedy for disputes between the parties to this Agreement." *Id.* at 19.

The VIFS CBA waiver does not "clearly and unmistakably waive[] a judicial forum for statutory claims." *Darrington*, 958 F.3d at 194. It wholly fails to reference statutory rights or a right to seek judicial redress for violations of federal law, let alone indicate that an employee is waiving any of these rights. The provision similarly fails to reference discrimination protections or clearly indicate that these protections have been waived. Instead, it contains far more general language, purporting to be the "exclusive" remedy for the parties to the Agreement as well as any claims arising under the CBA. General provisions such as this do not satisfy the clear-and-unmistakable-waiver standard and thus do not waive an employee's right to a judicial forum for statutory claims. *See Robinson v. Giant Eagle*, No. CV 20-1439, 2021 WL 2661842, at *2 n.2 (W.D. Pa. June 29, 2021) (finding that a CBA provision—requiring arbitration for "any controversy, complaint, misunderstanding or dispute arising as to the interpretation, application or observance of any of the provisions of the Agreement"—was not a clear and unmistakable waiver of the right to a judicial forum for discrimination claims); *Reed v. Girard Coll.*, No. CV 20-2325, 2020 WL 4601246, at *3 (E.D. Pa. Aug. 11, 2020) (finding that a waiver was not enforceable because "[n]owhere in the relevant sections of the CBA is there any mention of an employee waiving his or her statutory right to pursue a lawsuit alleging discrimination in state or federal courts."); *Fernandez v. Windmill Distrib. Co.*, 159 F. Supp. 3d 351, 361 (S.D.N.Y. 2016) (finding

that the clear-and-unmistakable-waiver standard was not satisfied by a CBA provision that provided that arbitration would be the "exclusive forum" for discrimination claims); *De Souza Silva v. Pioneer Janitorial Servs.*, 777 F. Supp. 2d 198, 205 (D. Mass. 2011) (same); *Savant v. APM Terminals*, Civil Action No. 4:11-1980, 2013 U.S. Dist. LEXIS 200167, at *32 (S.D. Tex. Aug. 27, 2013) (explaining that a CBA provision providing that the "grievance procedure and arbitration shall be the exclusive remedy with respect to any and all disputes arising between the Union or any person working under the [CBA]" would not, standing alone, satisfy the clear-and-unmistakable-waiver standard).

The VIFS CBA does not clearly and unmistakably waive Plaintiff's right to seek redress under federal anti-discrimination statutes in a judicial forum. Thus, the grievance procedure under the VIFS CBA does not provide the exclusive remedy for resolving Plaintiff's federal statutory anti-discrimination claims.

### b. Exhaustion of Administrative Remedies

Turning to the issue of exhaustion, Defendants argue that, prior to filing suit, Plaintiff is required to exhaust the administrative remedies available to him. (Dkt. No. 20 at 4). In essence, even if the VIFS CBA grievance procedure is not Plaintiff's exclusive remedy under the circumstances here, Defendants maintain that Plaintiff must still take the administrative process to its conclusion before he can avail himself of this Court.

"The rule for determining whether a plaintiff is required to exhaust remedies provided for in a collective bargaining agreement before bringing the claim in federal court is well established." *Collins v. Lobdell*, 188 F.3d 1124, 1127 (9th Cir. 1999). "If the claim is based on rights arising from the collective bargaining agreement, the plaintiff is required to exhaust remedies created by the agreement." *Id.* (citing *Barrentine v. Arkansas–Best Freight Sys., Inc.*, 450 U.S. 728, 736–37

(1981)). "However, if the claim arises from statutory rights, the plaintiff is not required to exhaust agreement remedies . . . ." *Id.* (citing *Barrentine*, 450 U.S. at 737); *see also Preddy v. Davidson Hotel Co. LLC*, No. 18-CV-07730, 2019 WL 3254237, at *4 (N.D. Cal. July 19, 2019) (finding that a plaintiff pursuing statutory discrimination claims was not required to exhaust the grievance procedure from her CBA); *Tice v. Ctr. Area Transp. Auth.*, 247 F.3d 506, 519 n.11 (3d Cir. 2001) (citing *Alexander v. Gardner–Denver Co.*, 415 U.S. 36 (1974)) (explaining that employees can simultaneously "pursue discrimination claims against their employers both through union grievance procedures and in federal court").

Here, Plaintiff is pursuing claims pursuant to federal anti-discrimination statutes, rather than rights created by the VIFS CBA. Accordingly, no exhaustion requirement applies.

\* \* \*

The VIFS CBA grievance procedure is not Plaintiff's exclusive remedy for his federal statutory claims and he is not required to exhaust this procedure prior to bringing suit for these claims. Therefore, Defendants' request to dismiss Plaintiff's federal claims pursuant to Fed. R. Civ. P. 12(b)(6) will be denied.

### 2. State Claims

Plaintiff has also raised a claim under Virgin Islands law pursuant to 10 V.I.C. § 64a, which prohibits sexual harassment in employment. Defendants' request to dismiss Plaintiff's local claim for failure to state a claim raises a novel issue of local law preferably left to resolution by the Supreme Court of the Virgin Islands. There is an open question as to whether Plaintiff's availment of various administrative grievance procedures deprives him of his right of access to a judicial forum for his VICRA claim. In this regard, 24 V.I.C. § 374(d) provides that:

> Any agreement between a public employer and an exclusive representative may provide procedures, applicable only to members of the bargaining unit, for the

> consideration and settlement of employee grievances and/or disputes; Provided, however, That no employee may avail himself of more than one grievance procedure for the resolution of a particular grievance and/or dispute."

24 V.I.C. § 374(d). In a contractual dispute, the Superior Court of the Virgin Islands interpreted Section 374(d) to prohibit an employee from accessing a judicial forum for her claim that the defendant had failed to abide by a stipulated agreement between the parties because she had already filed a complaint with PERB over the same dispute. *See Francis v. Gov't of the V.I.*, No. ST-13-CV-387, 2014 V.I. LEXIS 43, at *8 (V.I. Super. Ct. July 10, 2014).

Here, Plaintiff's allegations describe the various administrative procedures he has used to attempt to resolve this dispute. As such, if Section 374(d) applies here, it might prohibit Plaintiff from using this Court as a forum to resolve claims arising under Virgin Islands law. However, unlike the plaintiff in *Francis*, who brought a contractual claim, Plaintiff raises a Virgin Islands *statutory* claim. Virgin Islands courts have not addressed the issue of whether Section 374(d) precludes statutory claims, and thus, it is unclear whether this provision applies under the circumstances here.[9] Put another way, there is an open question of Virgin Islands law regarding which Virgin Islands statute—Section 374(d) or VICRA—this Court should apply.

In light of the Court's conclusion that this novel issue of Virgin Islands law is "most appropriately resolved by seeking the guidance of the Supreme Court of the Virgin Islands on the underlying controlling issue under Virgin Islands law," *Hall v. Hall*, No. 2011-54, 2018 U.S. Dist. LEXIS 53221, at *5 (D.V.I. Mar. 29, 2018) (quoting *Banks v. Int'l Rental & Leasing Corp.*, No.

---

[9] This Court has previously addressed Section 374(d) in *Mamouzette v. Jerome*. No. CV 2013-0117, 2017 WL 3083628 (D.V.I. July 19, 2017). However, in that case, the plaintiff *had not* availed himself of administrative remedies for his dispute. Thus, the question raised in the instant action——whether a plaintiff who *has* availed himself of administrative remedies available under his CBA may nonetheless pursue Virgin Islands statutory claims—remains a novel issue.

08-1603, 2011 WL 7186340, at *3 (3d Cir. Apr. 19, 2011)), the Court will certify this question of law to the Supreme Court of the Virgin Islands in accordance with the procedures outlined in Virgin Islands Supreme Court Rule 38 ("Rule 38").[10] Specifically, the Court will certify the following question of law: Whether Title 24 V.I.C. § 374(d) precludes litigants who have availed themselves of an administrative grievance procedure from accessing a judicial forum for corresponding statutory claims arising out of the same dispute.

In light of the Certification Order, the Court will deny Defendants' Motion to dismiss Plaintiff's VICRA claim, with leave to refile as appropriate. While the Supreme Court of the Virgin Islands considers the certification request, Plaintiff's claims will proceed in this Court.

## IV. CONCLUSION

In view of the foregoing, the Court will deny Defendants' "Motion to Dismiss."

An appropriate Order accompanies this Memorandum Opinion.

Date:  October 4, 2024                                    _____/s/_____
                                                          WILMA A. LEWIS
                                                          District Judge

---

[10] Pursuant to Rule 38, "[t]he Supreme Court of the Virgin Islands may answer questions of law certified to it by a court of the United States . . . if there is involved in any proceeding before the certifying court a question of law which may be determinative of the cause then pending in the certifying court and concerning which it appears there is no controlling precedent in the decisions of the Supreme Court." Rule 38(a). "A certification order shall set forth: (1) The questions of law to be answered; (2) A statement of all facts relevant to the questions certified; (3) The nature of the controversy in which the questions arose; and (4) A designation of the party or parties who will be the appellant(s), i.e. the party holding the affirmative, in the appellate court." Rule 38(d).